## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOYCE SKALA, | ) | CASE NO. 4:14CV3079 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LORRAINA LUTJE, MIKE HOPKINS, | ) | |
| and EDITH FYNBU, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' Motion to Dismiss (Filing No. 15). Defendants Lorraina Lutje, Mike Hopkins, and Edith Fynbu[1] move to dismiss the Plaintiff's amended pro se Civil Complaint (Filing No. 9) under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. For the reasons explained below, the Motion will be granted.

## STANDARD OF REVIEW

A motion under Federal Rule of Civil Procedure 12(b)(1) challenges whether the Court has subject matter jurisdiction to hear the matter. The party asserting jurisdiction bears the burden of proving that jurisdiction is proper. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). The Court, however, has "'wide discretion'" to decide the process with which its jurisdiction can best be determined. *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). It "has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint

_____

[1] The spelling of this Defendant's name appears as "Fynby" in the Defendants' Motion to Dismiss.

supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Id.* at 962 (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008) (stating that "[m]otions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: at the pleading stage, like a Rule12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts").

## FACTUAL BACKGROUND

All well-pled facts in the Plaintiff's amended pro se Civil Complaint are accepted as true for purposes of the pending Motion, though the Court need not accept her legal conclusions.  The following is a summary of the facts alleged.

Plaintiff Joyce Skala resides in a house on North 62nd Street in Lincoln, Nebraska. Defendants Lorraina Lutje and Mike Hopkins reside in a house on an adjacent property. Defendant Edith Fynbu also resides in Lincoln, Nebraska, on a different street.[2]

Skala alleges that odors of marijuana and burned meat have emanated from the house occupied by Lutje and Hopkins, causing Skala's wood siding, windows, and vehicle to absorb the foul odors.  Skala seeks (1) new seamless steel siding in the color of her choice, with moisture barrier backing, (2) a new soffit and fascia system in the color of her choice, (3) twelve new double-hung windows and one bay window in the color white inside and out, with triple glazing and argon gas, (4) a new concrete patio, and (5) detailing of her 1989 Ford Bronco, including a $16.00 wash, vacuuming, window-cleaning, treatment of the

---

[2]  Plaintiff appears to allege that Edith Fynbu is the mother of one or both of the other Defendants, but no allegations of wrongdoing on the part of Fynbu are apparent in the amended pro se Civil Complaint.

vinyl interior, shampooing of cloth seats, steam-cleaning and treatment of leather seats, shampooing of all flooring and mats, steaming of headliner, and "little tree" fragrance.

## DISCUSSION

Defendants have submitted a brief in support of their Motion (Filing No. 16).  Skala has submitted no brief in opposition to the Motion, but has filed a variety of "supplements" to her amended pro so Civil Complaint (Filing Nos. 10, 18, 19, 20, 21, and 24) in which she alleges that she has suffered retaliation by Defendants Lutje and Hopkins who have hung her in effigy and otherwise harassed her.

"Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction." *Thomas v. United Steeworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, (1987). "When a plaintiff files an amended complaint, the original complaint is superseded and has no legal effect." *Id.*, citing *In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir.2000). "As such, we 'resolve questions of subject matter jurisdiction by examining the face of the amended complaint.'" *Id.*, citing *Atlas*, 209 F.3d at 1067.

Here, liberally construing Skala's amended pro se Civil Complaint, she has alleged a common law tort of nuisance against Lutje and Hopkins, and no discernable cause of action against Fynbu.  No federal question is presented in the amended pro se Civil Complaint, and the allegations make clear that this Court lacks any jurisdiction based on diversity of citizenship of the parties.  See 28 U.S.C. § 1332 (a).

**CONCLUSION**

Skala's amended pro se Civil Complaint presents no federal question, and this Court lacks subject matter jurisdiction to hear her claims.  The "supplements" filed by Skala reveal no federal questions or any basis for the Court to infer that her amended pro se Civil Complaint could be further amended to present a federal question or to reveal federal jurisdiction based on diversity of the citizenship of the parties.  The Court concludes that the filing of further amended complaints would be futile.

IT IS ORDERED:

1.      The Defendants' Motion to Dismiss (Filing No. 15) is granted;

2.      The Plaintiff's amended pro se Civil Complaint (Filing No. 9) is dismissed without prejudice;

3.      The Defendants' Motion to Strike (Filing No. 22) is denied as moot; and

4.      A separate Judgment will be entered.

DATED this 25th day of June, 2014.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              Chief United States District Judge

4